UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOAQUIN EDELMIRO BARRIOS LOPEZ,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY,

Respondent.

No.  1:26-cv-01539-DAD-CKD (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. No. 15)

Petitioner is a former federal immigration detainee who initially proceeded *pro se* with a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On March 3, 2026, the assigned magistrate judge granted petitioner's motion to appoint counsel. (Doc. No. 6.)

On March 12, 2026, the assigned magistrate judge issued an order directing respondent to file supplemental briefing regarding whether petitioner had been removed from the United States. (Doc. No. 11.)  On March 19, 2026, respondent filed supplemental briefing indicating that petitioner had been removed from this country on February 28, 2026.  (Doc. No. 13.)  On March 20, 2026, petitioner's counsel filed a response to the magistrate judge's minute order expressing concerns that petitioner's removal had been effectuated in response to petitioner's filing of the

1

petition for writ of *habeas corpus* in this action.  (Doc. No. 14.)  In light of the concerns expressed by petitioner's counsel, the undersigned issued an order on April 23, 2026 directing respondent to file supplemental briefing addressing the circumstances surrounding, and the timing of, petitioner's removal.  (Doc. No. 16.)  On April 30, 2026, respondent timely filed very thorough supplemental briefing addressing these issues as requested by the court.  (Doc. No. 17.)  The court has carefully reviewed respondent's supplemental briefing and concludes that in this case there is no reason to question that petitioner was in fact subject to a final order of removal, that he was provided a hearing as to his claim of reasonable fear which was then reviewed by an IJ, and that his removal was proper and not effectuated in response to his filing of a petition for writ of *habeas corpus*.

On March 20, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be denied as having been rendered moot.  (Doc. No. 15.)  Specifically, the assigned magistrate judge found that because petitioner was removed to Guatemala, petitioner "is no longer 'in custody' for purposes of 28 U.S.C. § 2241[.]"  (*Id.*)  The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service.  (*Id.*)  To date, no objections to the magistrate judge's findings and recommendations have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the

/////

/////

/////

/////

/////

/////

/////

/////

2

findings and recommendations are supported by the record and by proper analysis.[1]

For the reasons above.

1.   The findings and recommendations issued on March 20, 2026 (Doc. No. 15) are

ADOPTED IN FULL;

2.   Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DENIED as having

been rendered moot; and

3.   The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **May 8, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1] To be sure, "[d]eportation from the United States after filing a habeas petition does not necessarily moot a petitioner's claim." *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007). "When a petitioner challenges the duration of detention and seeks release from custody pending removal, courts find that deportation effectively grants petitioner the relief sought and the petition for writ of habeas corpus is moot." *Mejia v. Semaia*, No. 5:25-cv-01987-SPG-AGR, 2025 WL 2633165, at *2 (C.D. Cal. Aug. 21, 2025).  In the petition filed in this action, petitioner challenged the length of his detention and sought immediate release from respondents' custody. (Doc. No. 1 at 6–17.)  The government submitted a warrant of removal from a deportation officer that includes the date and flight on which petitioner was removed from the United States along with the location from which his flight departed.  (Doc. No. 13-1.)  As such, this case no longer presents a live case or controversy. *Lopez Santos v. Bondi*, No. 1:25-cv-00884-SAB-HC, 2026 WL 227230, at *1 (E.D. Cal. Jan. 28, 2026) (finding case moot where petitioner challenged the length of his detention in ICE custody and the government submitted a declaration from an ICE agent that stated the date, flight, and location of petitioner's deportation), *report and recommendation adopted sub nom. Santos v. Bondi*, No. 1:25-cv-00884-JLT-SAB (HC), 2026 WL 498489 (E.D. Cal. Feb. 23, 2026).